VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      23-AP-250

## ENTRY ORDER

AUGUST TERM,   2023

State of Vermont v. Jean Barrett*          }    APPEALED FROM:
                                           }    Superior Court, Bennington Unit,
                                           }    Criminal Division
                                           }    CASE NO. 23-CR-07702
                                                Trial Judge: Howard Kalfus

In the above-entitled cause, the Clerk will enter:

Defendant appeals to a single Justice under 13 V.S.A. § 7556(c) from a criminal division order imposing an appearance bond of $20,000 with ten percent down.  Because the imposition of cash bail or surety is not supported by the proceedings below, the condition is stricken.  The matter is reversed and remanded.

The State charged defendant with three offenses: (1) obstruction of justice under 13 V.S.A. § 3015, (2) custodial interference under 13 V.S.A. § 2451, and (3) providing false information to a law enforcement officer under 13 V.S.A. § 1754(a).  According to the affidavit of probable cause, the family division granted custody of defendant's infant child, K.B., to the Department for Children and Families (DCF) on August 7, 2023.  To locate the infant, DCF and police went to defendant's residence.  Defendant initially did not answer the door, she then refused to tell them where K.B. was, and she claimed that she had custody of K.B. and K.B. was "out of state."  Police arrested defendant and eventually located the infant, who was with one of defendant's friends at a local motel.

At arraignment, the State sought bail of $10,000.  The criminal division found that defendant's conduct as alleged in the affidavit demonstrated that she was a risk of flight because she was charged with a serious felony, missed a scheduled custody hearing, secreted herself in her home, and did not cooperate with law enforcement or the existing family court order.  After considering defendant's ability to pay, the court imposed an appearance bond of $20,000 with ten percent down.

Defendant appeals, arguing that the record does not support the criminal division's finding that defendant presented a risk of flight from prosecution and imposition of bail.

The trial court's decisions regarding bail and conditions of release are reviewed for an abuse of discretion. State v. Hance, 2006 VT 97, ¶ 6, 180 Vt. 357. "We must affirm an order imposing bail 'if it is supported by the proceedings below.' " State v. Rougeau, 2019 VT 18, ¶ 14, 209 Vt. 535 (quoting 13 V.S.A. § 7556(b)). Vermont bail statutes create a presumption in favor of pretrial release. The court may impose cash bail only when the court determines that defendant poses a risk of flight from prosecution and that other conditions are insufficient to address that risk. 13 V.S.A. § 7554(a)(1).

In determining what conditions to impose, the statute provides several factors for the court to consider, including the nature and circumstances of the offense, the weight of the evidence, the defendant's financial resources, the defendant's character and mental condition, the defendant's ability to post bail, the defendant's length of time in the community, and the defendant's record of appearance at court proceedings. 13 V.S.A. § 7554(b). In addition to these factors, in determining whether a defendant presents a risk of flight, the trial court must consider "the seriousness of the offense charged and the number of offenses with which the person is charged." 13 V.S.A. § 7554(a)(1).

Here, the trial court's finding that defendant posed a risk of flight from prosecution is not supported by the record. Defendant had a minimal criminal history and had long-time connections in the community. Defendant had missed a custody hearing, but had no history of failing to appear in criminal proceedings. Further, defendant's reluctance to release her child is not indication of flight; rather, it demonstrates her desire to keep her child. As to the seriousness of the offenses, the charges did not involve violence.

Accordingly, I conclude that the trial court's finding that defendant posed a risk of flight was not supported by record and therefore there was no basis to impose bail or surety.

The $2000 cash or $20,000 surety bail condition is stricken. The matter is reversed and remanded for defendant to be released on the remaining conditions forthwith.

FOR THE COURT:

_____
Paul L. Reiber, Chief Justice

2